J-S19022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN J. LUBACK, JR. | : | |
| | : | |
| Appellant | : | No. 1658 MDA 2022 |

Appeal from the PCRA Order Entered November 9, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001818-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JOSEPH LUBACK, JR. | : | |
| | : | |
| Appellant | : | No. 1735 MDA 2022 |

Appeal from the PCRA Order Entered November 9, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001804-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JOSEPH LUBACK, JR. | : | |
| | : | |
| Appellant | : | No. 1736 MDA 2022 |

Appeal from the PCRA Order Entered November 9, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001805-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED: SEPTEMBER 11, 2023**

John Joseph Luback, Jr. appeals the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He maintains that he raised meritorious ineffectiveness claims. We affirm.

Luback pleaded guilty on March 31, 2022, to one count each of prohibited offensive weapons, criminal trespass, criminal use of a communication facility, and possession of a controlled substance, and two counts of possession with intent to deliver a controlled substance.[1] The court sentenced Luback to an aggregate term of seven and one half to 18 years' incarceration with credit for time served. Luback filed a *pro se* motion to withdraw his guilty plea that the court denied. **See** Order of Court, filed 6/17/22. Luback did not file a direct appeal.

Luback filed a timely *pro se* PCRA petition on June 20, 2022. He challenged his guilty plea and counsel's effectiveness. He alleged that he "was misrepresented[,] lied to[,] and deceived into taking a plea of guilty without all facts of [his] case (discovery)." PCRA Petition, filed 6/20/22, at 4. The PCRA court appointed counsel, who filed a **Turner/Finley** letter and requested to withdraw as counsel.[2] **See Turner/Finley** Letter, filed 9/8/22. The court denied counsel's motion and scheduled an evidentiary hearing. **See** Order of

---

[1] 18 Pa.C.S.A. §§ 908(a), 3503(b.1), 7512(a); 35 P.S. §§ 780-113(a)(16) and (a)(30), respectively.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Court, filed 9/21/22. The court subsequently received Luback's response to counsel's ***Turner/Finley*** letter. He claimed that he only agreed to plead guilty "upon trial counsel's promise and advise [sic] that [Luback] would go to a 'Drug Treatment Program'[.]" [Luback's] Motion Refuting Post-Conviction Relief Act Counsel's No Merit ***Turner/Finley*** Letter, docketed 9/26/22, at 2.

The court held an evidentiary hearing on October 20, where trial counsel and Luback testified. On November 7, 2022, Luback filed a motion to amend his PCRA petition and asked the court to appoint new counsel. Two days later, the court denied Luback's PCRA petition. ***See*** Order of Court, filed 11/9/22. The court also denied his motion to amend and for new counsel. ***See*** Order of Court, filed 11/16/22. This timely appeal followed.

Luback raises the following issues:

> Was defense counsel ineffective in assistance by:
>
> A. Failing to review the eligibility requirements for [Luback] to enter the county drug court program when if it had been done it would have been known he was not an eligible candidate for the county drug court program.
>
> B. Encouraging [Luback] to enter into a general plea of guilty on the premise that he may be able to enter the state prison drug program, when the standard guidelines were outside the parameters of eligibility as was his prior record status.

Luback's Br. at 5 (unpaginated).

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's

- 3 -

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014).

Luback argues that trial counsel was ineffective in advising him he had to waive his right to a preliminary hearing to be eligible for a county drug program. Luback states that he was ineligible for the program in any case because he was on parole at the time of the instant offenses and had pleaded guilty to possession with intent to deliver. ***See*** Luback's Br. at 12 (unpaginated). He contends that but for counsel's advice, he "wanted to have a [p]reliminary [h]earing, and would have[.]" ***Id.*** Regarding a state drug program, Luback states, "While counsel did not guarantee the Defendant's participation in the State Drug Program in exchange for a general plea of guilty, the impression that it was a viable option was impressed upon the Defendant." ***Id.***

Counsel is presumed to be effective. To overcome this presumption, the petitioner must plead and prove that: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa.Super. 2014) (citation omitted). We reject an ineffectiveness claim that fails to satisfy all three prongs of the

ineffectiveness test. **See Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." **Commonwealth v. Fears**, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted). A petitioner may prove prejudice by showing that he would not have pleaded guilty and would have achieved a better outcome at trial. **Id.** at 807.

Luback's argument is underdeveloped. The only legal citations he offers are for boilerplate statements about the right to effective counsel during the plea process. He does not cite or apply the ineffectiveness standard applicable to plea proceedings. In failing to present a properly developed argument, Luback has waived his claims on appeal. **See Commonwealth v. Thomas**, 215 A.3d 36, 51 (Pa. 2019).

Moreover, insofar as we understand his arguments, his claims fail. Luback did not raise an issue with his preliminary hearing with the PCRA court, thus it is waived. **See** Pa.R.A.P. 302(a). Even if he had properly preserved this claim, Luback has failed to show prejudice. He does not claim his plea was involuntary or unknowing or argue that he would not have pleaded guilty. He instead states only that he wanted to have a preliminary hearing, which would not have foreclosed a guilty plea. Moreover, he has never claimed he would have achieved a better outcome at a preliminary hearing, much less at trial,

and he offers no explanation why either would be so. We affirm the order denying Luback's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2023